UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPHINE CARROLL, ET AL.,<br>　　Plaintiffs,<br><br>　　　　v.<br><br><br>JAMES S. CARROLL, JR., ET AL.,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 05-11670-GAO<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below: (1) Plaintiff Josephine M. Carroll's Application to Proceed Without Prepayment of Fees is allowed; (2) Plaintiff James J. Carroll III shall file, within thirty-five (35) days of the date of this Memorandum and Order, a completed Application to Proceed Without Prepayment of Fees; failing which, he shall be dismissed as a Plaintiff in this action. The clerk shall provide Plaintiff James J. Carroll III with a blank Application form; (3) Summonses shall not issue pending preliminary screening of this action pursuant to 28 U.S.C. § 1915.

BACKGROUND

On August 5, 2005, Plaintiffs Josephine Carroll and James J. Carroll III, filed a *pro se* complaint against 50 defendants, including current and past officials, workers and members of the Massachusetts judiciary, law enforcement and other agencies and municipalities. The Complaint itself consists of 68 single-spaced typewritten pages containing in excess of 147 numbered paragraphs. Also included are various exhibits attached to the Complaint.

Plaintiffs allege, *inter alia*, conspiracy to defraud and deprive Plaintiffs of property and other civil rights violations under 42 U.S.C. § 1983 *et seq*. and state-law claims (e.g., abuse of process, malicious prosecution, theft, conversion, etc.). Plaintiffs seek damages to repair a home and property and to recover and/or replace the alleged stolen property, as well as damages to repay the Discovery Card Credit Card Company $10,000 which occurred following an eviction. Plaintiff's also seek other monetary damages, expenses and costs.

Plaintiff Josephine Carroll filed a completed Application to Proceed Without Prepayment of Fees, however, Plaintiff James J. Carroll, III did not pay the filing fee or submit an Application to waive the filing fee.

## ANALYSIS

I. Apportionment of the Filing Fee Amongst Plaintiffs

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. §§1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). The practice of this Court has been to equally apportion the filing fee between all plaintiffs. See, e.g., Gordon v. Maloney, C.A. No. 03-10205-DPW (D. Mass. July 9, 2003) (Woodlock, J.); Matthews v. Allen, C.A. No. 02-11922-RWZ (D. Mass. June 26, 2003) (Zobel, J.); Wickers, et al. v. Sheriff Cousins, et al., C.A. 05-10172-RCL (D. Mass. February 23, 2005) (Lindsay, J.); Gaskins v. Dennehy, et al., C.A. 05-11230-JLT (D. Mass. June 16, 2005); Campbell, et al. v. Town of Weymouth, et al., C.A. 05-10620-WGY (D. Mass. June 24, 2005)(Young, C.J.). Following this practice, each Plaintiff in this action would be assessed an equal share of the $250.00 filing fee (i.e., $125.00), and the *in forma pauperis* determination would be based on the ability to pay that portion of the

filing fee owed by each Plaintiff.

II. <u>Josephine Carroll's Application to Proceed In Forma Pauperis</u>

Josephine Carroll's Application to proceed *in forma pauperis* indicates she receives $169.00 per month and owns a $250.00 1979 Buick Electra vehicle, and has no other assets or income. She avers in the Complaint that she is "now legally homeless." Compl. at 11 ¶5.

Based on these financial disclosures, Plaintiff Josephine Carroll has demonstrated she is without sufficient funds to pay either the full filing fee, or any apportioned filing fee, and her Application to proceed *in forma pauperis* is allowed.

III. <u>James J. Carroll, III Must Pay the Filing Fee or File For Waiver of the Fee.</u>

As noted above, Plaintiff James J. Carroll, III has failed to file an Application to proceed *in forma pauperis*, nor has he paid the filing fee. His apportioned share of the filing fee would be $125.00. Accordingly, Plaintiff James J. Carroll III is hereby Ordered to, within thirty-five (35) days of the date of this Memorandum and Order, either pay the $125.00 filing fee, or in the alternative, file a completed Application to Proceed Without Prepayment of the Fees, on the form to be provided by the clerk along with a copy of this Memorandum and Order.

Failure of Plaintiff to comply with this directive may result in his dismissal as a party to this action.

IV. <u>Summonses Shall Not Issue At This Time to Permit § 1915 Screening</u>

Because Plaintiff Josephine Carroll has sought to file this Complaint without the

prepayment of the filing fee, summonses will not issue at this time, in order to allow the Court to review the Complaint to determine if it satisfies the requirements of Title 28 United States Code, section 1915 (the federal *in forma pauperis* statute). See 28 U.S.C. § 1915.

Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915 (e) (2).

When subject matter jurisdiction is lacking, there is no arguable or rational basis in law or fact for a claim, Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002), and the action may be dismissed *sua sponte* and without notice under Section 1915. Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915 (d)); accord Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). ("clearly baseless" actions may be dismissed).

Similarly, claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist, or describe unreal scenarios. See Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915(d)); accord Denton, 504 U.S. at 32 ("clearly baseless" actions may be dismissed); See also Mack v. Massachusetts, 204 F. Supp.2d at166; Tapia-Ortiz v. Winter, 185 F.3d. 8, 11 (2nd Cir. 1999) (affirming dismissal of plaintiff's request for convening a grand jury to investigate alleged conspiracy of 20 judges and assistant U.S. Attorney); Street v. Fair, 918 F.2d 269 (1st Cir. 1990) (§ 1915(d) *sua sponte* dismissals do not require notice to plaintiff with opportunity to respond if the claim is based on an "indisputably meritless legal

theory" (such as where defendants are clearly immune)).

Here, Plaintiffs' numerous allegations raise § 1915 considerations as well as considerations under Rule 8(a) of the Federal Rules of Civil Procedure, and the Complaint is subject to preliminary screening.  Accordingly, summonses shall not issue pending completion of preliminary screening, at which time this Court shall issue a Further Memorandum and Order with respect to Plaintiffs' claims.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1.  Plaintiff Josephine M. Carroll's Application to Proceed Without Prepayment of Fees is allowed;

2. Plaintiff James J. Carroll III shall file, within thirty-five (35) days of the date of this Memorandum and Order, a completed Application to Proceed Without Prepayment of Fees; failing which, he shall be dismissed as a Plaintiff in this action.  The clerk shall provide Plaintiff James J. Carroll III with a blank Application form;

3. Summonses shall not issue pending preliminary screening of this action pursuant to 28 U.S.C. § 1915.


SO ORDERED.

DATED: September 1, 2005

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE