UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPHINE CARROLL, ET AL.,<br>        Plaintiffs,<br><br>               v.<br><br><br>JAMES S. CARROLL, JR., ET AL.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-11670-GAO |

FURTHER MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below Plaintiff James J. Carroll III's Application to Proceed Without Prepayment of Fees is denied. Plaintiff James J. Carroll III shall pay his proportionate share of the filing fee ($125.00) within thirty-five (35) days of the date of this Memorandum and Order, or he shall be dismissed as a Plaintiff in this action. Summonses shall not issue pending further screening of this action.

BACKGROUND

On August 5, 2005, Plaintiffs Josephine Carroll and James J. Carroll III, filed a *pro se* complaint against 50 defendants, including current and past officials, workers and members of the Massachusetts judiciary, law enforcement and other agencies and municipalities. The Complaint itself consists of 68 single-spaced typewritten pages containing in excess of 147 numbered paragraphs. Also included are various exhibits attached to the Complaint.

Plaintiffs allege, *inter alia*, conspiracy to defraud and deprive Plaintiffs of property and other civil rights violations under 42 U.S.C. § 1983 *et seq*. and state-law claims (e.g., abuse of

process, malicious prosecution, theft, conversion, etc.). Plaintiffs seek damages to repair a home and property and to recover and/or replace the alleged stolen property, as well as damages to repay the Discovery Card Credit Card Company $10,000 which occurred following an eviction. Plaintiff's also seek other monetary damages, expenses and costs.

By Memorandum and Order dated September 1, 2005, this Court allowed Plaintiff Josephine Carroll's Application to Proceed Without Prepayment of Fees, and directed Plaintiff James J. Carroll, III to either pay the proportionate share of the filing fee, or file a completed Application to Proceed Without Prepayment of Fees.

On September 19, 2005, Plaintiff James J. Carroll, III filed an Application to Proceed Without Prepayment of Fees.

ANALYSIS

I.  James J. Carroll, III's Application to Proceed *In Forma Pauperis* (#4)

Plaintiff James J. Carroll, III's Application to Proceed *in forma pauperis* is denied. First, he has failed to submit a completed Application form. The form submitted does not answer the questions contained in paragraph 3 on page 1 with respect to any a money received in the past twelve months from any business, profession, rental, interests or dividends, pensions or annuities, disability, worker's compensation, gifts or inheritance or other sources.

Notwithstanding this deficiency, Plaintiff has disclosed that he receives approximately $350 per week in social security, and he possesses $10,000 in cash or savings. Accordingly, this Court finds the Plaintiff has sufficient funds to pay his portion of the $250.00 filing fee (*i.e.*, $125.00). The Court does not find this to be a situation where imposition of the $125.00 filing fee would make him destitute, or that he would be faced with the difficult decision to either

forego his claims or forego the necessities of life. See, e.g., Fridman v. The City of New York, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).

The Court has discretion whether to permit *in forma pauperis* status. Id. at 536. If an applicant's access to the court is not "blocked by his financial condition" but rather the applicant is merely placed in the position of " having to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application." Id. at 537 (other citation omitted).

In light of the above, in the Court's discretion, the Plaintiff's Application to Proceed *in forma pauperis* (#4) is denied.

II.     Order to Pay Filing Fee

In view of the denial of *in forma pauperis* status, this Court will permit Plaintiff James J. Carroll, III a further opportunity to pay the $125.00 filing fee in this action. Accordingly, it is hereby ORDERED that Plaintiff shall pay the $125.00 filing fee within thirty-five (35) days of the date of this Memorandum and Order. Failure to comply with this directive will result in dismissal of the Plaintiff as a party in this action.

III.    Summonses Shall Not Issue At This Time to Permit § 1915 Screening

As noted in this Court's prior Memorandum and Order, because the co-plaintiff Josephine Carroll has sought to file this Complaint without the prepayment of the filing fee, summonses have not issued in order to allow the Court to review the Complaint to determine if it satisfies the requirements of Title 28 United States Code, section 1915 (the federal *in forma pauperis* statute). See 28 U.S.C. § 1915.

Here, Plaintiffs' numerous allegations raise § 1915 considerations as well as

considerations under Rule 8(a) of the Federal Rules of Civil Procedure, and the Complaint is subject to preliminary screening. Accordingly, summonses shall not issue pending completion of preliminary screening, at which time this Court shall issue a Further Memorandum and Order with respect to Plaintiffs' claims.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff James J. Carroll III's Application to Proceed Without Prepayment of Fees is Denied;

2. Plaintiff James J. Carroll III shall pay the apportioned $125.00 filing fee within thirty-five (35) days of the date of this Memorandum and Order, failing which, he shall be dismissed as a Plaintiff in this action.

3. Summonses shall not issue pending preliminary screening of this action pursuant to 28 U.S.C. § 1915.

SO ORDERED.

DATED: September 23, 2005

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE