UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES CARROLL III,<br>JOSEPHINE M. CARROLL<br>          Plaintiffs,<br><br>          v.<br><br>JAMES CARROLL, JR., ET AL,<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 05-11670-GAO |

MEMORANDUM AND ORDER FOR DISMISSAL

O'TOOLE, D.J.

    For the reasons stated below, the Plaintiffs' Complaint is dismissed in its entirety <u>with</u>

prejudice, and the Court Certifies that any appeal would not be taken in good faith.

BACKGROUND

    On April 6, 2006, a Memorandum and Order (#10) issued by this Court directing

Plaintiffs James Carroll III and Josephine M. Carroll to show cause why their claims against

Defendant James Carroll Jr. and a numerous other Defendants should not be dismissed.

    On May 12, 2006 the Plaintiffs filed a Response (#11) to that Memorandum and Order.

<u>DISCUSSION</u>

I.    <u>The Show Cause Response Fails To Comply With This Court's Order</u>

    The Memorandum and Order (#10) directed that, "in view of the excessive pleading

practices demonstrated by the Plaintiffs in the Complaint," any show cause response submitted

by the Plaintiffs was limited to fifteen (15) double-spaced pages.  <u>Memorandum and Order (#10)</u>

at page 19.  Plaintiffs Response (#11) contained several documents, including an "answer and

argument" ("Argument") of sixteen (16) double-spaced pages; a "clarification of action" ("Clarification") consisting of ninety-six (96) double-spaced pages; and a seven (7) page "exhibit list" (#12) consisting of sixty-four (64) numbered exhibits with which to supplement the Plaintiffs' claims.[1]

Although the Plaintiffs recognize that the Response (#11) does not comport with the page limit requirements, in the body of the Argument, Plaintiffs contend that more background is required and their response cannot be made in 15 pages. Because the Court anticipated that Plaintiffs would file a pleading of this sort, the Court specifically set the parameters of the show cause Response in an attempt to get the Plaintiffs to focus on the deficiencies in the Complaint and address those issues, rather than to expand on their complaints and allegations further. This type of voluminous is unhelpful and deficient, and is considered as a violation of the spirit of this Court's Memorandum and Order to show cause. Having said that, however, this Court will not strike the filings by the Plaintiffs. Nevertheless, the Court finds that, even considering the Plaintiffs' filings (##11,12), this action must be dismissed on other grounds, as discussed below.

II.     Lack of Jurisdiction Under Rooker-Feldman Doctrine

As noted in the prior Memorandum and Order (#10), the Plaintiffs seek federal review and an Order vacating all rulings and decisions favoring Defendants following the permanent injunction granted by the state court. This Court ordered the Plaintiffs to show cause why their

---

[1]It is noted that the Response (#11) appears to be signed only by pro se Plaintiff Josephine Carroll, and not Plaintiff James Carroll III. The pleading is intended to be a joint submission, and the Court will not strike it as to James Carroll III, in view of the other grounds for dismissal noted herein.

claims should not be dismissed under the <u>Rooker-Feldman</u> doctrine.[2]  <u>Memorandum and Order</u> (#10) at 13-15.

In response to that show cause order, the Plaintiffs state that "[n]o decision in law is legally enforceable when it is based on fraud and crime. . . ."  Argument (#11)  at 1. Additionally, Plaintiffs claim that the Rooker-Feldman decisions have (1) been criticized by some federal courts and (2) were decided "sixty years apart."  <u>Id.</u> at 2.

Plaintiffs' arguments are misplaced.  Despite the Plaintiffs' criticisms of the archaic <u>Rooker-Feldman</u> doctrine, the mere fact that the <u>Rooker</u> case was decided in 1923 does not bar its application in this instance.   While the doctrine has evolved since its inception, the United States Supreme Court has recently upheld the doctrine in instances where a federal court is asked to overturn decisions of state courts; as is the case here.  <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Industries, Inc.</u>, 544 U.S. 280 (2005) (holding that this doctrine applies to "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").  Plaintiffs' claim that no decision is legally enforceable when it is based on fraud and crime is wholly unsupported, and is simply without merit here.  In short, Plaintiffs have provided no authority which would undermine this Court's determination that the <u>Rooker-Feldman</u> doctrine applies in this case.

Accordingly, this Court lacks jurisdiction over Plaintiffs' claims which involve the state court divorce litigation or property litigation.

---

[2]<u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983);

III.    Judicial Immunity

       In the prior Memorandum and Order, Plaintiffs were directed to show cause why all

claims alleging civil rights violations by various judges in the Probate and Land Court, the

Cambridge District Court, the Lowell Superior Court, and the Cambridge Superior Court should

not be dismissed, based on absolute judicial immunity.[3]   Neither the Argument nor the

Clarification adequately addresses this issue, and therefore this Court finds that all claims against

any judge must be dismissed.

IV.    Statute of Limitations

       This Court previously noted that "most of Plaintiffs' federal claims are not legally

cognizable because they are barred by the three-year statute of limitations on civil rights

actions." Memorandum and Order (#10) at 10.  This action was commenced by the Plaintiffs on

August 5, 2005 and, therefore, any events occurring before August 5, 2002 are subject to

dismissal as they are barred by the statute of limitations.  Plaintiffs were ordered to show cause

why all remaining claims should not be barred by the statute of limitations. Id. at 12.

       In response, Plaintiffs allege that their claims should not be barred by the Statute of

Limitations because it has been "impossible to follow, because of the activities in this case which

continue to current date, causing statutes of limitations to be ongoing." Clarification (#11) at 11.

The Plaintiffs do not address the Statute of Limitations with any specificity regarding the dates

---

[3]See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an
immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S.
547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and
corruptly); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (even where a party alleges
that a judge conspired with another party to rule against him, such allegations do not pierce the
immunity extended to judges); Allard v. Estes, 292 Mass. 187, 189-190, 197 N.E. 884, 886
(1935) (stating that it is "too well settled to require discussion, that every judge, whether of a
higher or lower court, is exempt from liability to an action for any judgment or decision rendered
in the exercise of jurisdiction vested in him by law.").

of their claims, nor have they set forth any factual information as to why the Statute of

Limitations should not bar their claims against the Defendants.

The Court finds that, apart from the conspiracy claims (addressed below), Plaintiff has

not shown that he has asserted any non-conspiracy claims within the limitations period, and

therefore any separate claim is dismissed on these grounds.  However, the Court will not dismiss

Plaintiffs conspiracy claims on Statute of Limitations grounds.  Nevertheless, there are more

fundamental problems presented here which warrant dismissal of any remaining claims not

otherwise barred by Rooker-Feldman, judicial immunity, or Statute of Limitations, as addressed

below.

V.     Plaintiffs' Complaint is Factually Frivolous

Perhaps the primary consideration in the Court's evaluation of the merits of this action is

the final determination that the Complaint is wholly frivolous and lacking any factual support.

As noted in the prior Memorandum and Order (#10), the Court preliminarily determined that the

Complaint "describes unreal scenarios of kidnaping, robbery, assault, wiretapping, stalking,

falsified documents, and a multitude of other alleged wrongdoings against them."  Id. at 9.

Also as noted previously, this action stems, in essence, "from a dispute over a divorce decree, the

attendant division of property, the non-payment of support which ultimately resulted in a

Sheriff's sale of the real property, and the aftermath of the eviction, including altercations with

law enforcement and others."  Id.   These circumstances have, in Plaintiffs' ideation and not in

reality, transformed into a wild, expansive conspiracy involving police, judges, lawyers, Town

Selectman, property purchasers, a locksmith, the Attorney General, and a whole host of others

with whom the Plaintiffs have apparently come in contact.

The Court also finds that Plaintiffs frequent use of hyperbolic language in the Complaint

and the Response, merely serves to cloud the reality of the circumstances, but adds nothing of substantive value.  Moreover, Plaintiffs seek, *inter alia*, a  return of their home, by attempting to artfully plead this action as a civil rights matter.  The Court cannot permit attempts to twist circumstances in this fashion, in order to gain federal review of matters clearly within the realm of the state court system, such as divorce, distribution of marital assets, and the sale of real estate.

To sum, nowhere in the 100+ pages of Plaintiffs' Response (#11), is there anything which would alter the Court's view that this Complaint describes unreal factual situations and is frivolous within the legal meaning of that term. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992);  Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) (Frivolous lawsuits are those lacking a legal basis or legal merit; not serious; or not reasonably purposeful).  Rather, the show cause Response (#11) serves to bolster, rather than diminish, the Court's findings that this action is frivolous in nature.

Accordingly, in addition to the other grounds for dismissal of Plaintiffs' claims, this Court dismisses all of Plaintiffs' claims on grounds of frivolousness.  Therefore, this action is Ordered Dismissed in its entirety, with prejudice.

VI.    Certification That Any Appeal Would Not Be Taken in Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), this Court finds, and hereby certifies, that any appeal taken by the Plaintiffs would not be taken in good faith, for the reasons stated in this Memorandum and Order.[4]

---

[4] Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Id.  Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may

CONCLUSION

For the reasons stated above, and for the reasons previously set forth in the prior

Memorandum and Order (#10), this action is dismissed <u>with prejudice</u> and it is hereby Certified

that any appeal would not be taken in good faith.


SO ORDERED.

   s/ George A. O'Toole, Jr.      
GEORGE A. O'TOOLE, JR.
UNITED STATES  DISTRICT JUDGE

DATED: July 18, 2006

---

proceed on appeal *in forma pauperis* without further authorization, <u>unless</u> the district court
certifies that the Appeal is not taken in good faith.  <u>Id</u>. (emphasis added).  Such a certification
prohibits *in forma status* on appeal even though Plaintiff Josephine Carroll has been found to be
indigent.  Plaintiff James J. Carroll III has paid his proportionate share of the District Court filing
fee and has not been proceeding *in forma pauperis* in this action. This Certification is applicable
to both Plaintiffs with respect to any appeal taken.  Plaintiffs may seek permission to appeal *in
forma pauperis* from the Court of Appeals.