James J. Carroll, III
Josephine M. Carroll
P.O. Box 863
Windham, N.H. 03087

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2006 AUG 11  P 1: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JAMES J. CARROLL, III         ) | C.A. 05-11670-GAO |
| JOSEPHINE M. CARROLL, et als.) | |
| Plaintiff (s),                ) | |
|                               ) | |
| vs.                           ) | |
|                               ) | |
| JAMES J. CARROLL, JR., et als.) | |
| Defendant (s),                ) | |
| _____ ) | |

The Honorable Justice George A. O'Toole
Presiding Justice

### MOTION FOR HEARING

Now comes Josephine M. Carroll and James J. Carroll, et. als., the petitioners, hereinafter referred to as the plaintiffs, who are requesting an Oral Hearing before the U.S. District Court with the Honorable Justice George A. O'Toole.

The plaintiffs are aggrieved by an Order of Dismissal of the action dated July 18, 2006 following proper compliance to an order and memorandum.

The plaintiffs request a hearing before the U.S. District Court because the gravaman of their complaints derive from denial of all rights, a violation of the Supremecy Clause of the U.S. Constitution where no State, it's Courts or tribunals and no person can abridge or deny rights secured that are to be guaranteed. This fact is especially true when basic rights along with Federal Law have been overstepped. The denial of these rights that are Constitutionally guaranteed emminate with Equal Access, Equal Protection and Due Process under the Fifth Amendment of the Constitution, which include the right to a fair and unbiased hearing, right to a speedy trial under the Sixth Amendment, a right to redress of grievances under the First Amendment which this court has now denied due to many errors of fact and numerous misunderstandings and without a day in court to prove the facts of the case with evidence.

The plaintiffs collectively assert that the U.S. District Court has erred with many errors of fact as well as errors of law and is adding to an already undue burden by maintaining a position that the plaintiffs are U.S. Citizens without rights and remedies under the law.

The plaintiffs assert that through their initial complaint the most basic of Constitutional Rights have been denied which this court fails to address such as a right to hold, retain and own property, right to be free from intrusion from government under the Fourth Amendment, as well as a right to pursue life, liberty and pursuit of happiness, rights to remedies under the law and protections of those rights and freedoms under the First, Fourth Fifth, Sixth, Seventh, Eigth and Nineth Amendments, a right to free speech under the First Amendment of the U.S. Constitution and any other rights not mentioned under the Nineth Amendment of the Constitution. These are rights our fore fathers deemed sacred which were to be guaranteed in the state courts as well as the Federal System. These are the core issues in the case the U.S. District Court spuriously dismissed.

The plaintiffs have been stripped of all rights and remedies to access the state court system and the local system despite final awards and prexisting orders which Legally prohibited the torts, crimes and grievances which were properly filed timely in the United States District Court as the crucial events happened within the expiration of statutes of limitations.

The court has erred by spuriously dismissing the action without knowing all facts, without proper review, hearing or presentation of witnesses or review of evidence where many Federal and State Laws were abridged and overstepped as well as blatantly ignored. The plaintiffs are entitled to relief being irrepairably harmed by actions of the Commonwealth of Massachusetts and those named in the complaint who unlawfully overstepped existing law - a crime by statute by creating false documents and orchestrated false litigation not worked according to practice or procedure which are no more than invalid false documents to cover a robbery and conversion plot as well an attempted murder as the law prohibited all actions that were made to appear as proper law but were already prohibited by court orders, awards and Federal and State law. No Court can harbor and aid crime, nor any other entity or person

which abridges the laws and protections of the United States.

These facts have been confirmed by many attorneys and Assistant U.S. Attorneys who have come to conclusions that drastically conflict with findings of the U.S. District Court.

If the plaintiffs were to file weekly separate actions for each successive assault the court would then assert that the plaintiffs are misusing the resources of the courts. As presented to the court the law requires filing timely complaints, but also requires filing when abuse of process and malicious prosecution ends and the plaintiffs chose to balance those issues in a matter which continues to date without remedy in a convoluted scheme made to appear as "valid legal procedures" that is no more than crime and torts and the court has to review the law and the facts to concur and fully comprehend what has occurred. These facts have been confirmed by many attorneys, representatives, law enforcement and an Assistant U.S. Attorney Aiexa Maldonado. Representatives confirming the same have petitioned the Federal Bureau of Investigation in our behalf.

The U.S. District Court took exception with the length of responses which were made within the required court limits, but were supplemental in documents as the court clearly misunderstood the case and the facts and continues to misunderstand the case.

The plaintiffs are aggrieved by the answers and decisions of the U.S. District Court which are inconsistant with the responses that were made per Answer to the Memorandum and Order. The plaintiffs filed the answer to the memorandum and order within the 15 page limit and the court understood that the supplements were provided for the court to gain clarity in a case and see the inconsistancies, but it continues to misunderstand this case which makes the appearance that the brief, the answers and the supplements were either not reviewed or the facts were not understood.

Because the court has not allowed a day in court to enlighten Justice O'Toole and to understand the many issues that are purely Federal questions [Emphasis], combined with the foregoing problems, the case was rapidly dismissed in error and the plaintiffs are further irrepairably harmed by denying any remedy and guaranteed right under the law.

The plaintiffs assert jointly and severally that this case only involves Constitutional Protections, the Supremacy Clause and violations of Federal Law as a core issues and are not inextricably intertwined with State Court issues because the State Court never had the power to Overstep Federal Law, nor did it have power to overstep preexisting State law, nullify final orders and entitlements, nor strip parties of rights and property who were never subject of any suit, legal detriment or controversy.

The Rooker Feldman Doctrine only applies to actions following State Supreme Court decisions which never occurred [Emphasis] and only under that doctrine does combined with that fact would it involve matters that would make Federal Actions inextricable interwound with State decisions. This doctrine or case has no applicability to the instant Civil Action as no change to divorce or property settlements are involved and that the actions involve blatant crimes of robbery, assault, conversion and public records fraud with conspiracy where individuals have all played a part using their positions in the scheme.

The plaintiffs are extroardinarily and irrepairably harmed as well as essentially branded U.S. Citizens with no rights or protections when they can not access the state and local systems, when they have been denied practically all of their rights and the U.S. District Court of Massachusetts resorts to upholding the same.

This fact is especially true when the plaintiffs can prove that they have fallen victim and have literally become prisoners of criminals who have an odious track record and who have contacts to break the law. It is inconsequential who those aggressors and criminals are and who has forsaken a duty of care to the plaintiffs, except as to issue of civil rights deprivations, crimes torts and liability for damages.

The Court should realize that the issues before this court are not arising from proper state court actions or arising from a divorce action as the divorce ended 13 years ago with a final decree before the events

occurred that are subject of complaint. No action in the complaint is due to any valid change in a divorce action. The instant action does not involve any problem created by a divorce itself and or proper decisions in a decree. The actions arise out of misuse of the system for crime and violations of the RICO statute as one of many issues. Property settlement also occurred 13 years prior and were not issues that are involved in the instant complaint. It is a case involving kidnapping, extortion, theft and rampant crimes hidden behind false documents and maintained denial of rights and protections.

James J. Carroll, III has no connection to any state court action, especially divorce and therefore being stripped by members of the law and a disgruntled relative of life, liberty and property has a valid claim in the United States District Court.

The divorce decree between Josephine Carroll and James J. Carroll, Jr. was final 13 years prior to filing of the instant complaint. The court has taken issue with events that preceeded the injuries and all are cohesive to the final result and would be more burdensome to the court to file weekly complaints in a contiguous convoluted scheme which is a pyramid or ponzi scheme.

August 5, 2002, is within the 3 year statute of the date of filing the complaint.

This case arises out of a robbery and conversion of multiple estates which were never subject of suit or involved in a proper legal proceeding or under any judgement. Therefore the court should realize someone can not make up papers and steal property as that is a crime regardless of who creates the fraud and how the fraud and the crimes are acted upon and maintained. The issues in this case also involve misuse of the Federal System filing false actions in Bankruptcy Court which is a crime to make false statement[s] to the Federal Goverment or any related branch.

Josephine Carroll has been denied basic and supplemental alimony when her exspouse was in Contempt of Court and this was illegally reverted to him overstepping Federal and State Law through his own devise with the aid of his cohorts.

The plaintiffs Josephine Carroll and James J. Carroll, III have been denied Free Speech, and their basic rights to be free from interference. Josephine Carroll has been denied Federally and State Protected alimony vital for survival and subsistance which was unlawfully converted to her exspouse and other parties on false documents created by them. This is a crime against the Government, a theft of U.S. Treasury Funds and a violation of the False Claims Act and considered Elder Financial Abuse, Fraud and Embezzlement.

This action is in violation of 42 U.S.C. Title V sections 651-659 et. sec. "Under the Civil Service Retirement Act." This issue is solely a Federal question not a state issue.[Emphasis] Massachusetts Charter was to give the plaintiffs greater Constitutional Rights and protections not strip them away entirely. No Corporation created by the state can properly represent the interests of a private citizen when that citizen is not a member of the corporation.

The plaintiffs jointly and severally assert that they are victims of an egrigious scheme where the plaintiffs without contest have been stripped of all rights, property and any legal remedy through what was already proven as fraud and what was precluded by State Court Orders and final awards as well as the law. Attorneys of high profile with law enforcement all agree that what has been done was already prohibited by law and therefore was a crime by statute and that so much is wrong that the lowest common denominator is civil rights violations.

The court raises issues about judicial immunity and actions against justices dismissing claims against justices when no claim against a judge was ever made which confuses the plaintiffs and makes the plaintiffs question if the court is not confusing this case with some other case, because no judge has ever been named in suit at all and this is an unrelated issue in the complaint. As to liability legally liability could be assessed to the court if the plaintiffs convinced a jury of complicity in crimes and torts, and a failure of the system to maintain their rights and protections as well as a duty of care to the public, but the case has not been amended to currently address such claims as this is a case that must be handled in sequential order of injuries, torts and crimes and failures of the system thereafter.

Wherefore, the plaintiffs request a hearing for oral argument and review where the plaintiffs will present a Motion for Reconsideration with the court to vacate the order of dismissal and to restore the claim of action which accompanies this brief herewith.

*Josephine M. Carroll*
Josephine M. Carroll

*James J. Carroll, III* pro se.
James J. Carroll, III

August 10, 2006